IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 1-800 CONTACTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| WEBVENTION HOLDINGS LLC, and | ) | **JURY TRIAL DEMANDED** |
| WEBVENTION LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff 1-800 Contacts, Inc. ("1-800 Contacts" or "Plaintiff") alleges for its complaint against Defendants Webvention Holdings LLC ("Webvention Holdings") and Webvention LLC ("Webvention") (collectively "Defendants") as follows:

### PARTIES AND JURISDICTIONAL FACTS

1.      Plaintiff 1-800 Contacts, Inc. is a Delaware corporation having its principal place of business at 66 East Wadsworth Park Drive, Draper, Utah 84020.  Plaintiff is engaged in retail sales of contact lenses, including marketing and selling contact lenses via the Internet.

2.      Defendant Webvention Holdings LLC is a Delaware limited liability company and the parent company for Defendant Webvention LLC.  Webvention Holdings can be served with process through its registered agent Business Filings Inc. at 108 West 13th Street, Wilmington, Delaware 19801.

3.      Defendant Webvention LLC is wholly-owned by Webvention Holdings and is a Texas limited liability company with its principle place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670.  Webvention can be served with process through its

registered agent Capitol Corporate Services, Inc. at 800 Brazos Street, Suite 400, Austin, Texas 78701.

4.      On information and belief, Webvention owns U.S. Patent No. 5,251,294 ("the '294 patent"), entitled "Accessing, assembling, and using bodies of information."  A true and correct copy of the '294 patent is attached as Exhibit A.  According to Webvention's Internet website, Webvention's sole business is licensing the '294 patent.

5.      On information and belief, Webvention Holdings is the sole member and manager of Webvention.

6.      On information and belief, Webvention obtained ownership of the '294 patent from Webvention Holdings, and Webvention Holdings is the agent of Webvention.

7.      On August 4, 2010, Webvention sent 1-800 Contacts a letter asserting 1-800 Contacts' website infringes certain claims of the '294 patent and providing a claim chart.  A copy of this letter is attached as Exhibit B ("the letter").

8.      The letter also indicated Webvention was willing to license the '294 patent to 1-800 Contacts for a one-time fee, but set a 45-day deadline for that offer, which expired September 18, 2010.  The letter also expressly reserved "the right to seek damages anytime within the last six years that [1-800 Contacts] started to make use of Webvention's patented technology."

9.      On July 20, 2010, Webvention filed suit against 19 companies for infringing the '294 patent in the Eastern District of Texas.  *See Webvention LLC v. Abercrombie & Fitch, et al.*, Case No. 2:10-cv-253.

10.     On October 5, 2010, Webvention filed suit against 20 more companies for infringing the ′294 patent in the Eastern District of Texas.  *See Webvention LLC v. Adidas America, Inc., et al.*, Case No. 2:10-cv-410.

11.     Under all the circumstances, 1-800 Contacts reasonably believes there is a substantial controversy between itself and Webvention and has a reasonable apprehension of being sued by Webvention.  The controversy is of sufficient immediacy and reality to justify the issuance of a declaratory judgment regarding the parties' respective rights as they relate to the ′294 patent.

## JURISDICTION AND VENUE

12.     This is a declaratory judgment action seeking judgments of non-infringement and invalidity under the United States Patent Act.  35 U.S.C. § 1, *et seq*.

13.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  There is an actual case and controversy within this Court's jurisdiction regarding infringement and validity of the ′294 patent due to Webvention's licensing and enforcement activities and infringement allegations toward 1-800 Contacts.

14.     This Court has personal jurisdiction over Webvention Holdings, which is incorporated in Delaware.

15.     On information and belief, this Court has personal jurisdiction over Webvention because Webvention's parent, Webvention Holdings, is a Delaware company, is the agent and sole member and manager of Webvention, exercised control over Webvention, and created Webvention for the sole purpose of enforcing and licensing the ′294 patent.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## CAUSES OF ACTION

### COUNT I
#### DECLARATORY JUDGMENT OF NONINFRINGEMENT

17.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

18.     1-800 Contacts does not infringe, and never has infringed, either directly or indirectly, any valid and enforceable claim of the ′294 patent.

19.     The 1-800 Contacts website does not satisfy, either literally or under the doctrine of equivalents, each and every limitation of any valid and enforceable claim of the ′294 patent.

20.     In particular, and without limitation, the 1-800 Contacts website does not practice the limitation recited in independent claim 28 of "enabling a user to point to individual labels in said model using an electronic pointing technique, and for each label to which said user points, displaying to the user, for previewing, the information content of the corresponding segment."

21.      In particular, and without limitation, the 1-800 Contacts website does not practice the limitation recited in independent claim 28 of "displaying a set of labels, each label providing an abbreviated indication of information content of a corresponding one of said segments."

### COUNT II
#### DECLARATORY JUDGMENT OF INVALIDITY

22.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

23.     On information and belief, the claims of the ′294 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in the United

States Patent Act, in particular 35 U.S.C. §§ 101-103, 111-112, 115-116, 132, 251-253, and 287-288.

24.     On information and belief, the claims of the ′294 patent are not valid for the reasons set forth in the Request for Ex Parte Reexamination filed with the United States Patent and Trademark Office and assigned control number 90/011,208.

25.     On information and belief, the claims of the ′294 patent are not valid for the reasons set forth in the Request for Ex Parte Reexamination filed with the United States Patent and Trademark Office and assigned control number 90/011,229.

## JURY DEMAND

Plaintiff demands that all claims and causes of action raised in this complaint against Defendant be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     A declaratory judgment that 1-800 Contacts does not infringe any claim in the ′294 patent;

B.     A declaratory judgment that the claims of the ′294 patent are invalid;

C.     A judgment finding this case exceptional and awarding 1-800 Contacts its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

D.     A judgment awarding Plaintiff such other and/or further relief as is just and equitable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for 1-800 Contacts, Inc.*

OF COUNSEL:

Mark A. Miller
Bryan G. Pratt
Brett L. Foster
HOLLAND & HART LLP
222 South Main, Suite 2200
Salt Lake City, UT  84101
(801) 799-5800

November 3, 2010
3875203